LAURENCE S. ZAKSON (CSB 119435)
E-Mail: laurencez@rac-law.com
NATALIA BAUTISTA (CSB 245669),
E-Mail: nataliab@rac-law.com
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES of the BAKERS 37 HEALTH AND WELFARE TRUST FUND, <br><br> Plaintiffs, <br> v. <br><br> FRISCO BAKING COMPANY, INC., a California corporation <br><br> Defendants. | CASE NO. <br><br> COMPLAINT TO RECOVER DELINQUENT CONTRIBUTIONS <br><br> [29 U.S.C. §§ 1132(a) & 1145] |

[JURISDICTION AND VENUE]

1.   Trustees of the Bakers 37 Health and Welfare Trust Fund ("Welfare Fund") are fiduciaries of express trusts and on behalf of the Welfare Fund bring this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") § 502(a), 29 U.S.C. § 1132(a), against an employer, to enforce the terms of the plans and as a preliminary step in collecting delinquent contributions pursuant to ERISA § 515, 29 U.S.C. § 1145.

2.   This Court has jurisdiction under Labor Management Relations Act

("LMRA") § 301(a), 29 U.S.C. § 185(a), and Employee Retirement Income Security Act ("ERISA") § 502(e)(1), 29 U.S.C. § 1132(e)(1).  Venue is proper under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the plan is administered and the breach took place in this district.

[PARTIES]

3. Trustees of the Welfare Fund are fiduciaries of an express trust created pursuant to collective bargaining agreements.  The Welfare Fund is an employee benefit plan as defined in ERISA § 3(3), 29 U.S.C. § 1002(3), and multi-employer plan as defined in ERISA § 3(37), 29 U.S.C. § 1002 (37).  Plaintiffs bring this action solely in their fiduciary capacity, on behalf of the Welfare Fund.

4. Plaintiffs are informed and believe that defendant Frisco Baking Company, Inc. ("COMPANY") is a California corporation and an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

[AGREEMENTS]

5. The COMPANY and the Bakery, Confectionary, Tobacco Workers & Grain Millers International Union Local No. 37, a labor organization, are party to a written collective-bargaining agreement ("CBA") covering certain employees of the COMPANY at its bakery located in Los Angeles, California.

6. Pursuant to the CBA, the COMPANY agreed to make contributions to the Welfare Fund for each employee of the COMPANY covered by the CBA who works or receives pay for 70 hours or more straight hours per month.  The CBA incorporates by reference the terms of the Agreement and Declaration of Trust of the Welfare Fund.

7. The COMPANY agreed to be bound by the Restated Agreement and Declaration of Trust establishing the Welfare Fund ("Welfare Fund Trust Agreement"), pursuant to which liquidated damages of 10% was set as the penalty for delinquent contributions, along with interest at the rate of 12% per year, plus the Welfare Fund's audit costs and attorney's fees.

8. The Agreements require the COMPANY to submit reports with appropriate contributions on the 10th day of the month, on behalf of all covered employees working in the previous month. Reports and contributions are considered delinquent if not received or postmarked by the 25th of the month. The Fund depends on the truthfulness and accuracy of these reports to determine the amount of contributions due and the credit to be given employees toward benefits.

9. The Agreements provide the Fund with specific authority to examine and copy all of the COMPANY'S payroll and business records, which may be pertinent to determining whether the COMPANY has reported all hours worked by employees who perform services covered under the Agreements and has paid the appropriate contributions to the Fund. The Agreements provide that the COMPANY shall be responsible for the costs of such audit.

10. The Trust Agreement further provides that the failure of the COMPANY to make the required contributions at the times and in the manner required under the Trust Agreement shall be deemed a breach of the Trust Agreements by the COMPANY and the COMPANY shall be personally and directly liable to each employee damaged by such failure for whatever benefits such employees or their dependents were denied because of the COMPANY's failure to make the required contributions, together with all costs and expenses reasonably necessary to collecting such damages from the COMPANY.

11. All conditions to COMPANY's obligations to make payments under the Agreements have been met.

/ / /

[2017 AUDIT OF THE WELFARE FUND]

12. Pursuant to the Agreements and 29 U.S.C. § 1059(a)(1), the Welfare Fund has specific authority to examine the payroll and business records of employers, including the COMPANY, to determine whether they have reported and paid contributions on all employees who perform work covered under the Agreements, and whether they have otherwise abided by the payment obligations of the Agreements. The Agreements further provide that employers, including the COMPANY, shall pay the Fund's attorney's fees if legal action is necessary to compel the audit, and audit fees to complete the audit of COMPANY's records.

13. The Welfare Fund requested that the COMPANY comply with an audit of the books and records of the COMPANY for the period of January 1, 2017 to December 31, 2019.

14. Based on the information and records provided by the COMPANY, the Welfare Fund's auditors prepared and completed an audit of the COMPANY for that period ("2017 Audit").

15. The 2017 Audit discovered under-reported contributions owed by the COMPANY to the Welfare Fund totaling $24,411.00. To date, the COMPANY has failed and refused to pay this delinquency.

16. Based on the delinquent contributions found owing in the 2017 Audit, the COMPANY also owes interest to the Welfare Fund at the rate of 12% per year, totaling $9,253.54.

17. Liquidated damages to the Welfare Fund are also owed by the COMPANY on all delinquencies, including but not limited to those uncovered in the 2017 Audit. Liquidated damages are calculated at the rate of 10% of the delinquent contributions, totaling $2,411.00 for the 2017 Audit.

18. Because delinquencies were found in the 2017 Audit, pursuant to the

1  Agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), the COMPANY is also
2  required to reimburse the Welfare Fund for audit fees in the amount of $4,982.50.

4  [2020 AND 2021 DELINQUENT CONTRIBUTIONS TO THE WELFARE FUND]

6      19.    Plaintiffs repeat, reallege, and incorporate by reference each and every
7  allegation contained in paragraphs 1 through 18 above as if fully set forth here.
8      20.    The COMPANY owes under-reported contributions, which according to
9  reporting data provided by the COMPANY to the Welfare Fund, total $226,610.00 for
10 the months of February 2021 through June 2021.  To date, the Employer has failed
11 and refused to pay this delinquency.   Contributions for the months of June 2020
12 through January 2021 were made late.  Contributions for some months were made up
13 to 172 days late.
14     21.    Because the COMPANY failed to make the required contributions to the
15 Welfare Fund or made contributions late, the COMPANY also owes interest to the
16 Welfare Fund in the amount of $17,150.95 and liquidated damages of $57,699.00.
17 The interest and liquidated damages include the amounts in interest and liquidated
18 damages due as a result of the late contributions for the months of June 2020 through
19 January 2021.  To date, the COMPANY has failed and refused to pay these amounts.
20     22.    The COMPANY has a continuing monthly obligation to remit
21 contributions to the Welfare Fund on behalf of all employees performing work
22 covered under the Agreements. Therefore, should additional amounts be discovered as
23 due and owing by Employer, those amounts will be proven at the time of trial or other
24 hearing.

[ATTORNEY'S FEES]

28     23.    Pursuant to the Agreements, and as required by ERISA § 502(g)(2)(D),

29 U.S.C. § 1132(g)(2)(D), the Welfare Fund is entitled to recover its attorneys' fees and costs of this action.

[PRAYER FOR RELIEF]

FOR THESE REASONS, Plaintiffs request that the court enter judgment against the Employer as follows:

I.   In favor of the Welfare Fund:

    a)   Delinquent contributions in the amount of $251,021.00;

    b)   Interest on the delinquent contributions in paragraph a) above at the rate of 12% per year in the amount of $26,404.49;

    c)   Liquidated damages in the amount of $60,110.00;

    d)   Audit costs as required by the Agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2);

    e)   For additional damages including contributions and liquidated damages and charges according to proof at the time of trial or hearing, plus interest as provided for by the Agreements and pursuant to statute;

    f)   Attorney's fees and costs, as required by the Agreements and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); and

    g)   Such other relief as the court grants or finds proper.

Respectfully submitted,

Date: July 28, 2021

REICH, ADELL & CVITAN
A Professional Law Corporation

By:__ s/ Natalia Bautista___
NATALIA BAUTISTA
Attorneys for Plaintiffs